```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DANIEL LARMON,

                          Plaintiff,              SUA SPONTE
                                                  REPORT AND
        -against-                                 RECOMMENDATION

OFFICER WHITE, SERGEANT TOMAS,                    24-CV-2191
OFFICER KELLY                                     (Kovner, J.)
                                                  (Marutollo, M.J.)
                          Defendants.

------------------------------------------------------------------------x
```

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

*Pro se* Plaintiff Daniel Larmon commenced this action in the Southern District of New York on March 15, 2024 against "Queens Berry Correctional," Officer White, Sergeant Tomas,[1] and Officer Kelly, alleging civil rights violations. *See* Dkt. No. 1. On March 19, 2024, Chief United States District Judge Laura Taylor Swain transferred this action from the United States District Court for the Southern District of New York to the United States District Court for the Eastern District of New York. *See* Dkt. No. 4.

Since then, Plaintiff has failed to comply with multiple court orders and has failed to update his address with the Court. The Court has made clear that Plaintiff's noncompliance would have repercussions, including recommended dismissal, by forewarning that failure to abide by Court orders would result in the undersigned recommending to the District Judge that the case should be dismissed pursuant to Fed. R. Civ. P. 41(b). *See* Dkt. Nos. 13, 14.

Because those warnings were not heeded, the Court now respectfully recommends, *sua sponte*, to the Honorable Rachel P. Kovner, United States District Judge, that this action be dismissed for failure to prosecute in light of Plaintiff's repeated failure to follow Court orders.

---

[1]      Plaintiff refers to the sergeant as both "Tomas" and "Thomas." *See* Dkt. No. 1 at 3-4.

I.      **RELEVANT BACKGROUND**

As noted above, Plaintiff commenced this case on March 15, 2024. *See* Dkt. No. 1. Plaintiff alleges that in March 2023, Officer White, Sergeant Tomas, and Officer Kelly "punched [] and wrestled" Plaintiff to the floor after a purported assault by other inmates. *See id.* at 4. Plaintiff alleges that he suffered bruises as a result of the alleged use of force. *See id.* Plaintiff also claims that Defendants "starved [him]." *Id.*

On March 19, 2024, Chief Judge Swain transferred this action from the United States District Court for the Southern District of New York to the United States District Court for the Eastern District of New York. Dkt. No. 4. The Court noted that "Plaintiff alleges that Defendants violated his rights at 'Queens Berry Correctional' in March 2023." *Id.* at 2. Because the Court was "unable to find a facility by that name either in this district or in New York, the Court assumes that Plaintiff is referring to Queensboro Correctional Facility ('Queensboro'), which is located in Long Island City, Queens County, New York, which falls within the Eastern District of New York." *Id* (citing 28 U.S.C. § 112).

On April 10, 2024, Judge Kovner granted Plaintiff's motion to proceed *in forma pauperis*, but dismissed Plaintiff's claims against Queensboro. *See* Text Order, dated April 10, 2024. As set forth in Judge Kovner's text order:

> When a litigant files a lawsuit in forma pauperis, the district court must dismiss their claims if it determines that the complaint "seeks monetary relief against a defendant who is immune." 28 U.S.C. § 1915(e)(2)(B). The complaint of a *pro se* plaintiff must be "liberally construed, and . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).
>
> Plaintiff's complaint names "Queens Berry Correctional" as a defendant, but it appears that plaintiff is seeking to bring claims against Queensboro Correctional

2

Facility, a New York State facility operated by the New York State Department of Corrections and Community Supervision. []  The complaint alleges that the other named defendants—Officer White, Sergeant Tomas, and Officer Kelly—used excessive force against plaintiff, failed to intervene when he was attacked by other inmates, and "starved" him.   []

Though plaintiff's claims against the individual defendants may proceed, Eleventh Amendment sovereign immunity bars any claim against the Queensboro Correctional Facility. *See Walker v. City of Waterbury*, 253 F. App'x 58, 60 (2d Cir. 2007) ("The Eleventh Amendment entitles states to sovereign immunity, and this immunity extends to entities considered arms of the state, such as state agencies." (citations, quotation marks, and alterations omitted)); *see also, e.g., Britton v. Connecticut*, No. 14-CV-0133 (PMS), 2016 WL 308774, at *3 (D. Conn. Jan. 25, 2016) (holding that a state correctional facility is a "state agency" entitled to sovereign immunity); *Proctor v. Vadlamudi*, 992 F. Supp. 156, 158 (N.D.N.Y. 1998) (same).

Plaintiff's claims against the Queensboro Correctional Facility are accordingly dismissed.

On April 12, 2024, summonses were issued against Defendants.  Dkt. No. 9.  These summonses were returned unexecuted on May 1, 2024.  The U.S. Marshals reported that Officer Kelly and Sergeant Thomas do not work at Queensboro Correctional Facility. Dkt. No. 11.  The U.S. Marshals also reported that they were unable to serve Officer White, as there are "currently 3 officers at Queensboro Correctional Facility with the last name of White."  Dkt. No. 12.

On April 17, 2024, the Court entered a scheduling order that directed the parties to appear for an in-person initial conference on June 28, 2024 and file a proposed discovery plan and scheduling order by June 23, 2024.  *See* Text Order dated April 17, 2024.  Because Plaintiff had not filed proof of service of the summons and complaint and Defendants had not yet appeared in the case, the Court ordered Plaintiff to ensure that Defendants were aware of the conference.  *Id.*

On June 23, 2024, the parties failed to timely file their proposed discovery plan and scheduling order in accordance with the Court's April 18, 2024 order.

3

On June 28, 2024, the Court held an initial conference, but none of the parties appeared. The Court ordered a rescheduled initial conference to be held on August 2, 2024. *See* Dkt. No. 13. As set forth in the Minute Entry and Order following the conference, the Court ordered that "an appropriate official at the Mid-Hudson Forensic Psychiatric Center is directed to make Plaintiff Daniel Larmon available by telephone to participate." *Id.* The Court further ordered that "[t]he Clerk of Court shall cause a copy of the attached order to be serve on Plaintiff via mail at the address on record." *Id.* The Court added that "Plaintiff is warned that a failure to appear at the scheduled initial conference may result in a recommendation that this case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41." *Id.*

On July 12, 2024, the Court rescheduled the August 2, 2024 conference to August 20, 2024. *See* Dkt. No. 14. The Court again ordered the Clerk of the Court to serve Plaintiff via mail at the address on the docket. The Court also ordered that "[a]n appropriate official at the Mid-Hudson Forensic Psychiatric Center is directed to make Plaintiff Daniel Larmon available by telephone to participate." *Id.* The Court reiterated that "Plaintiff is warned that a failure to appear at the scheduled initial conference may result in a recommendation that this case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41." *Id.*

On July 29, 2024, the Clerk's Office noted that its mailing to Plaintiff was returned as "undeliverable." Dkt. No. 15.

On August 20, 2024, the re-scheduled initial conference was held. *See* Minute Entry dated August 20, 2024. No parties appeared. *See id.*

## II.     LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))); *Sowell v. The New York City Department of Homeless Services*, No. 23-CV-5346 (LTS), 2024 WL 870952, at *1 (S.D.N.Y. Feb. 28, 2024) ("Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute, as long as the court notifies the plaintiff." (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001))).

"It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with [or without] prejudice as a sanction for his unjustified conduct." *Lewis v. Nationstar Mortg. LLC*, No. 18-CV-3015 (RRM) (CLP), 2019 WL 11624580, at *1 (E.D.N.Y. Apr. 16, 2019) (quoting *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990)), *report and recommendation adopted*, 2021 WL 103265 (E.D.N.Y. Jan. 11, 2021). "The law is clear. The district court has the power to dismiss for failure to prosecute, on its own motion." *Schenck v. Bear, Stearns & Co., Inc.*, 583 F.2d 58, 60 (2d Cir. 1978) (citing *West v. Gilbert*, 361 F.2d 314 (2d Cir.), *cert. denied*, 385 U.S. 919 (1966)). The authority to dismiss a case *sua sponte* arises from a court's inherent power and is not limited by Rule 41 of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *accord In re World Trade Center Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013).

In considering a Fed. R. Civ. P. 41(b) dismissal, courts weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F. 3d at 216. (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

### III. DISCUSSION

All five of the *Baptiste* factors weigh in favor of dismissal.

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) (internal citations omitted).

Here, Plaintiff has taken no action to prosecute this case since its initial filing. Since then, as outlined above, Plaintiff has repeatedly failed to comply with multiple Court orders. Plaintiff's apparent unwillingness to follow the Court's orders, and his delay in prosecuting this case overall, favor dismissal. *See Zappin*, 756 F. App'x at 112 ("Case law . . . supports a conclusion that a 49-day delay could be significant and could weigh in favor of dismissal" for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure); *see also Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) (collecting cases favoring dismissal after four months of inaction); *Gonzalez v. City of New York*, No. 17-CV-1824 (JGK), 2018 WL 2269244, at *1 (S.D.N.Y. May 17, 2018) ("The plaintiff's failure to comply with the Court's orders in the preceding three months clearly warrants dismissal for failure to prosecute, especially in light of

6

this Court's repeated reminders that the plaintiff risked dismissal of his case if he failed to comply with the orders."). *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10-CV-05354 (DAB) (JCF), 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (recommending dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *report and recommendation adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015).

Plaintiff's *pro se* status does not excuse his noncompliance with Court orders. *See Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("All litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice."); *Gibson v. City of New York*, No. 21-CV-4251 (GHW) (BCM), 2022 WL 3566493, at *2 (S.D.N.Y. Aug. 3, 2022) ("[L]ike all litigants, *pro se* parties 'have an obligation to comply with court orders. When they flout that obligation they . . . must suffer the consequences of their actions.'" (citation omitted)), *report and recommendation adopted*, 2022 WL 3549875 (S.D.N.Y. Aug. 18, 2022).

The second factor poses the question as to whether Plaintiff "received notice that further delays would result in dismissal." *Drake*, 375 F.3d at 255 (internal citations omitted). In its orders, the Court put Plaintiff on notice that his failure to comply with the order could result in dismissal. If Plaintiff "did not receive actual notice of the Court's orders either by mail or by

7

email, responsibility for that miscommunication lies with him." *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022) (dismissing *pro se* plaintiff's complaint without prejudice). Indeed, "[w]hile it is possible that Plaintiff has not received these Orders, this is due to Plaintiff's failure to keep his mailing address current; it is clear that this case cannot proceed if the Court and defense counsel cannot contact Plaintiff." *See Floyd v. Rosen*, No. 21 Civ. 1668 (KMK), 2022 WL 3214926, at *2 (S.D.N.Y. Aug. 9, 2022) (dismissing *pro se* plaintiff's case for failure to prosecute three months after "Plaintiff was first offered the opportunity to file an amended complaint"); *Mena v. City of New York*, No. 15-CV-3707 (ALC), 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case"). At bottom, Plaintiff has not submitted any change-of-address notification to the Court. Accordingly, this factor also weighs in favor of dismissal.

      The third factor is whether Defendants are likely to be prejudiced by any further delay. *Drake*, 375 F.3d at 255. "Courts may presume such prejudice where, as here, [Plaintiff] has caused an 'unreasonable delay.'" *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022) (quoting *LeSane*, 239 F.3d at 209); *Caussade v. United States*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013) ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." (collecting cases)). Because Plaintiff's inaccessibility has unnecessarily delayed this case for over five months, the Court presumes prejudice.

      Fourth, dismissal is warranted based on "a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard." *Lucas*, 84 F.3d at 535. The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn h[er] attention" to this case. *Pena*, 587 F. Supp. 3d at 114. Indeed, Plaintiff's

8

failure to obey Court orders, or attempt to prosecute this case, effectively dismisses his right to have the Court hear his claim. *See id.*

Still, *pro se* litigants "should be granted special leniency regarding procedural matters" in the context of Rule 41(b). *LeSane*, 239 F.3d at 209. "Dismissal without prejudice adequately balances those interests in this case, by serving 'the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order.'" *Wilson*, 2022 WL 2065030, at *2 (quoting *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010)); *see Reynel v. Barnhart*, No. 01-CV-6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (concluding that a dismissal for failure to prosecute should be without prejudice "[g]iven the plaintiff's pro se status").

Finally, the Court finds that a sanction less drastic than dismissal would not suffice. Since the scheduling of the first initial conference, Plaintiff had over five months to be heard, was given several chances to cure his inaction, and received warning of possible dismissal. But Plaintiff took no action. Thus, any sanction short of dismissal is unlikely to be effective. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 196 (2d Cir. 1999) (Sotomayor, J.) (affirming dismissal for failure to prosecute); *see also Wilson,* 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022) ("[B]ecause plaintiff has failed to respond to court orders over a lengthy period, and plaintiff's *in forma pauperis* status indicates that he would be unable to pay a monetary sanction, I cannot conclude that any sanction less than dismissal without prejudice would be efficacious."); *Simonaj v. Garland*, No. 23-CV-10322 (JHR) (SLC), 2024 WL 872287, at *2 (S.D.N.Y. Feb. 1, 2024), ("Given Mr. Gjoni's complete lack of communication and disregard of the Court's orders, no lesser sanction than dismissal is appropriate."), *report and recommendation adopted*, 2024 WL 871028 (S.D.N.Y. Feb. 29, 2024); *Thompson v. Rising Star Beauty Salon, Inc.*, No. 15-CV-3716

(RRM)(RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective").  Despite Plaintiff being granted repeated opportunities to be heard, he has chosen not to prosecute this case.

Thus, this Court respectfully recommends dismissal for failure to prosecute.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be dismissed without prejudice for Plaintiff's failure to prosecute and failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b).

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff at the address listed on the docket.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Kovner.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

| | |
|---|---|
| Dated:     Brooklyn, New York<br>              September 6, 2024. | **SO ORDERED.**<br><br>  /s/ Joseph A. Marutollo  <br>JOSEPH A. MARUTOLLO<br>United States Magistrate Judge |

10